Judgment rendered November 16, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,770-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

| | |
|---|---|
| CHARLIE CALDWELL, JR., SHREVEPORT CITY MARSHAL AND THE SHREVEPORT CITY MARSHAL'S OFFICE | Plaintiffs-Appellants |

versus

| | |
|---|---|
| THE CITY OF SHREVEPORT | Defendant-Appellee |

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 621,853-B

Honorable Craig O. Marcotte, Judge

* * * * *

| | |
|---|---|
| AYRES, SHELTON, WILLIAMS, BENSON & PAINE, LLC<br>By: Curtis R. Shelton<br>    R. Chaz Coleman | Counsel for Appellants, James Jefferson and The Shreveport City Marshal's Office |
| CASTEN & PEARCE, APLC<br>By: Claude W. Bookter, Jr. | Counsel for Appellee |

* * * * *

Before PITMAN, STONE, and THOMPSON, JJ.

**PITMAN, J**.

Plaintiffs-Appellants Charlie Caldwell, Jr.,[1] Shreveport City Marshal and the Shreveport City Marshal's Office (collectively, the "Marshal") appeal the trial court's judgment that ordered Defendant-Appellee the City of Shreveport (the "City") to fund the Marshal's expenses of operation and maintenance from the previous ten years in the amount of $1,527,371.58. For the following reasons, we affirm in part, reverse in part and amend the judgment of the trial court and render judgment in favor of the Marshal in the amount of $4,587,572.85.

**FACTS**

On January 22, 2020, the Marshal filed a petition for a writ of mandamus and, in the alternative, a petition for damages. He stated that, pursuant to La. R.S. 13:1889, the City is responsible for all reasonable and necessary operating expenses of the Marshal. He alleged that the City has refused to fund his office's expenses of operation and maintenance and so his office has been forced to pay these expenses from his discretionary account. He requested that the trial court issue a writ of mandamus requiring the City to pay for his office's expenses of operation and maintenance from 2008 until the date of filing and for the year 2020 plus any applicable interest. In the alternative, he requested damages for the City's breach of its statutory duty.

On June 19, 2020, the City filed an answer. It denied the Marshal's allegations and requested that the trial court dismiss his demands. It stated

---

[1] Caldwell passed away on June 16, 2022. James Jefferson, the chief deputy, succeeded Caldwell as Marshal. Following an ex parte motion to substitute filed by Jefferson, this court ordered that Jefferson be substituted for Caldwell as an appellant in this matter.

that since at least 2011, it funded the Marshal's office in the amount of $1,500,000 per year and that the Marshal could spend the funds as he desired.

The City also filed an exception of prescription and argued that all claims prior to January 28, 2019, prescribed. The trial court denied the exception regarding the prescriptive periods of one year and three years but granted the exception regarding a 10-year prescriptive period.

A bench trial was held on December 16, 2020, and January 14, 2021. Charlie Caldwell, Jr., the City Marshal for the City of Shreveport, testified that since his 2008 election, his office has requested funding from the City for operation and maintenance expenses, but the City has not paid those expenses, even though it is mandated by statute to do so. He identified his office's annual operating budgets from 2011 to 2020 and noted that each year the City allocated funds only for salaries and benefits. He discussed his discretionary funds and stated that in years his office makes money, it keeps the extra funds and uses them for expenses of operation and maintenance.

Caldwell also testified about the Peabody Building, which is a law enforcement training facility that was purchased with his discretionary funds. He noted that the City stood in his place for the purchase of the property because he could not buy it in his name. He stated that although the building falls under the umbrella of the City, the Marshal has full control of it as long as it possesses the building; otherwise it reverts to the City.

Macy Bowlin, the Marshal's accountant, testified that the Marshal makes money through repossessions, fines and garnishment fees. She stated that the Marshal's operation expenses are paid from a discretionary account. She discussed the Marshal's budget process and that the City sets a target

2

amount that the budget should not exceed. She noted that the target amount covers salaries and benefits, i.e., health insurance and retirement, but does not include operation and maintenance expenses, e.g., vehicle repairs and maintenance, office supplies and uniforms. She stated that over the previous ten years, the City set aside no funds for the Marshal's operation and maintenance expenses.

In a deposition, Marsha Millican, who performed yearly audits of the Marshal's office, testified that $23,109 of the Marshal's expenses since 2010 were not reasonable.

Carl Richard, a deputy marshal, testified about the expenses incurred by the Marshal's office that the City does not fund. He stated that it has 28 vehicles, which are used to transport prisoners to and from court, to serve warrants and to serve civil papers and subpoenas. He stated that each vehicle has a radio, camera, lights and sirens. He also detailed deputy uniform expenses, including body armor and vest attachments. He stated that the Marshal also pays for the training and conferences attended by its deputies. Richard testified that the Marshal often splits building and security expenses with the city court, including a new fence, new cameras in the building and an x-ray machine. He stated that the City denies the Marshal's requests for funding for operation and maintenance expenses because the Marshal has a discretionary account to use for these expenses.

Sherricka Fields Jones, the City's chief financial officer, testified about the City's budget process. She stated that each department receives a target letter setting an amount that the budget should not exceed. She explained that all departments have a choice on how to allocate their budget and that the City only sets the maximum budget. She noted that the

3

Marshal's budget was used mostly for salaries and benefits and that requests for additional expenditures exceeded the budget set in the target letter. She testified that the city council gives the final approval on the budget and that the council has never increased the target amount for the Marshal. She explained that the council wants the Marshal to use its discretionary funds for expenses above the target amount.

Shelly Ragle, the director of Shreveport Public Assembly & Recreation ("SPAR"), testified that SPAR provides services to various properties owned by the City, which includes the city court building where the Marshal's office is housed. She stated that SPAR provides maintenance, housekeeping, minor repair services and landscaping services and provides utilities for the city court building. She testified that SPAR does not provide services for the Peabody Building because it was purchased by the Marshal and the City had not budgeted to take on an additional property. She stated that the Marshal was aware of the City's limitations and agreed to take on maintenance, repairs and operations for the Peabody Building.

The trial court filed an opinion on June 4, 2021. It determined that pursuant to La. R.S. 13:1889, the City owes the Marshal expenses of operation and maintenance. It noted that witnesses testified that all of the Marshal's expenses were reasonable and necessary, except for those detailed in Millican's deposition. It noted that the City is required only to pay for and maintain one vehicle for the Marshal and that all other vehicles are not mandatory expenses to be borne by the City. It stated that expenses for the Peabody Building are not compensable because the Marshal and the City agreed that the Marshal would be solely responsible for the Peabody Building. It found the deduction of defrayment of expenses ("Defrayment

4

Funds") under La. R.S. 13:1899 to be appropriate. The trial court granted the Marshal's writ of mandamus and ordered the City to fund the Marshal's operation and expenses from the previous ten years in the amount of $1,530,405.45 and further ordered it to fund the Marshal's operation and expenses going forward.

The Marshal and the City both filed motions for new trial to correct accounting errors in the trial court's opinion. On August 5, 2021, a hearing was held on the motions for new trial. The trial court determined that it did err in some calculations and granted the motions for new trial.

On September 22, 2021, the trial court filed a judgment. It granted the motions for new trial and modified the monetary amount in its previous ruling. The trial court detailed its calculations. It stated that there was a total of $8,854,670.92 of unfunded expenses and deducted $23,109 for expenses determined by Millican to be unreasonable; $3,676,414.08 for the deputies' vehicle expenses; $567,574.99 for Peabody Building expenses and $3,060,201.27 for Defrayment Funds received by the Marshal under La. R.S. 13:1899(C). It rendered judgment in favor of the Marshal and against the City for the Marshal's unfunded expenses of operation and maintenance for the years 2010 through 2020 in the amount of $1,527,371.58, together with judicial interest thereon from the date of judicial demand until paid in full. The trial court ordered that the alternative writ of mandamus be made peremptory and ordered the City to fund the aforesaid amount to the Marshal.

The Marshal appeals.

## DISCUSSION

In his sole assignment of error, the Marshal argues that the trial court erred in allocating his Defrayment Funds as a payment of the City's obligation to fund the Marshal's operation and maintenance expenses. He does not find fault with the trial court's deduction of unreasonable expenses, deputies' vehicle expenses and Peabody Building expenses from the total of unfunded expenses but does find fault with the deduction of Defrayment Funds from this total. He argues that the trial court's ruling removed the Defrayment Funds from his control and disregarded his authority to use them for operation expenses and to purchase equipment. He contends that the trial court incorrectly determined that the Defrayment Funds had to be used to reduce the City's funding obligations without allowing him to use the funds for deputies' vehicles and the Peabody Building.

The City argues that the trial court did not err and that the inclusion of the Defrayment Funds in its calculations was proper. It argues that the trial court correctly totaled all unfunded expenses of the Marshal and deducted the expenses for which the City was not responsible. It states that as Defrayment Funds are mandated to defray operational expenses, these funds shall be used exclusively to pay whatever unfunded expenses exist for the Marshal. The City recognizes its responsibility to pay the Marshal's salaries and benefits and reasonable expenses of operation and maintenance but contends that since the Marshal obtains "substantial" revenue through its operations, it would be unreasonable and unnecessary to have the City fund all reasonable and necessary expenses of the Marshal.

The Marshal is the executive officer of the city court. La. R.S. 13:1881(A). He shall execute the orders and mandates of the city court

6

and in the execution thereof, and in making arrests and preserving the peace, he has the same powers and authority of a sheriff. *Id.* The marshal may appoint one or more deputy marshals. La. R.S. 13:1881(B).

The City shall set and pay the annual salaries of the chief deputy and other deputy marshals. La. R.S. 13:2085. The City shall furnish and maintain an automobile for the use of the Marshal in the performance of the duties of his office. La. R.S. 13:2084. The City may also furnish and maintain additional automobiles for the use of the Marshal if in its discretion additional automobiles are necessary. *Id.*

La. R.S. 13:1889 sets forth the City's obligation to provide for the Marshal's operation and maintenance expenses and states, in pertinent part:

> A. The city where the court is situated shall furnish a suitable city court room and suitable offices for the judge, clerk, and marshal. It shall also furnish adequate fireproof vaults or other filing equipment for the preservation of the records of the court.
>
> B. The expenses of operation and maintenance of the court room and offices shall be borne by the city, or may be apportioned between the city and parish as the respective governing authorities may determine.

La. R.S. 13:1899(C) sets forth the collection, control and use of Defrayment Funds. It states, in pertinent part:

> In all criminal matters, when the office of the marshal has derived one hundred thousand dollars or more in revenues for the year 2004 from costs assessed pursuant to this Subsection, the city judge shall assess, in addition to the costs assessed in Subsection A of this Section, the sum of fifteen dollars as additional costs of court. In all criminal matters, when the office of the marshal has derived less than one hundred thousand dollars in revenues for the year 2004 from costs assessed pursuant to this Subsection, the city judge shall assess, in addition to the costs assessed in Subsection A of this Section, the sum of thirty dollars as additional costs of court. The proceeds shall be deposited in a special account, separate and distinct from the account provided for in Subsection B of this Section, which account shall be in the name of and under the control of the marshal . . ., shall be subject to audit, and shall be

7

used to defray operational expenses of the office of marshal . . ., all as may be useful and necessary for the proper conduct of the marshal's . . . office, or for purchase of law enforcement equipment, and all as may be proved by the marshal . . . .

Questions of law, such as the proper interpretation of a statute, are reviewed by this court under the *de novo* standard of review. *City of Shreveport v. Shreveport Mun. Fire & Police Civ. Serv. Bd.*, 52,410 (La. App. 2 Cir. 1/16/19), 264 So. 3d 643.

The trial court correctly determined that pursuant to La. R.S. 13:1889, the City owes the Marshal expenses of operation and maintenance. The parties agree that the trial court did not err in its determination that there was a total of $8,854,670.92 of unfunded expenses from 2010 to 2020 or in its deduction of the following from this total: $23,109 for expenses determined by Millican to be unreasonable, $3,676,414.08 for the deputies' vehicle expenses and $567,574.99 for Peabody Building expenses. We find no error in these calculations—the City is not required by statute to provide for unreasonable expenses or for deputies' vehicles, and the parties agreed that the City was not responsible for Peabody Building expenses. We affirm this portion of the trial court's judgment.

A *de novo* review reveals that the trial court erred in deducting $3,060,201.27 for Defrayment Funds from the total of unfunded expenses owed by the City to the Marshal. La. R.S. 13:1899(C) clearly provides for the Marshal's collection and control of Defrayment Funds for "useful and necessary" expenses and for the purchase of law enforcement equipment. The Marshal shall retain and exercise control of these funds to pay its expenses, e.g., deputies' vehicles and the Peabody Building. The trial court erred in applying the Marshal's funds to the City's obligation.

8

Accordingly, this assignment of error has merit. We reverse the portion of the trial court's judgment that deducted the Defrayment Funds. We amend the amount owed by the City to the Marshal to $4,587,572.85, i.e., the total of unfunded expenses minus the unreasonable expenses, the deputies' vehicle expenses and the Peabody Building expenses.

## CONCLUSION

For the foregoing reasons, we affirm in part, reverse in part and amend the judgment of the trial court. We render, as amended, judgment in favor of Plaintiffs-Appellants the Shreveport City Marshal and the Shreveport City Marshal's Office and order that Defendant-Appellee the City of Shreveport fund the Marshal's expenses of operation and maintenance in the amount of $4,587,572.85 for the years 2010 through 2020. Costs of this appeal in the amount of $3,195.30 are assessed to the City of Shreveport.

**AFFIRMED IN PART; REVERSED IN PART; AMENDED; AND RENDERED AS AMENDED.**